### In re GOLDSMITH.

(District Court, E. D. Pennsylvania. May 11, 1900.)

#### No. 272.

BANKRUPTCY—OPPOSITION TO DISCHARGE—FALSE OATH.

At a meeting of creditors of a bankrupt,, certain testimony which he had formerly given on a hearing under the state insolvency law was put in evidence, under an agreement between his counsel and counsel for certain creditors that such testimony should be transcribed and made a part of the record, and should have the same force and effect as if the said testimony was originally taken before the referee in that proceeding. The bankrupt took no oath before the referee that such former testimony was true, and was not a party to the agreement that it should be treated as evidence in the bankruptcy proceeding. Creditors opposed his application for discharge on the ground that part of such testimony was false. *Held*,

that the objection could not be sustained, the bankrupt not having been guilty of making "a false oath in or in relation to any proceeding in bankruptcy," within the meaning of Bankr. Act 1898, § 29b, subd. 2.

In Bankruptcy. On exceptions to report of referee in bankruptcy, recommending the discharge of the bankrupt.

Furth & Singer, for creditors.

David Mandel, for bankrupt.

McPHERSON, District Judge. The discharge of the bankrupt was opposed upon the ground that he had committed one of the offenses specified in section 29, Bankr. Act, namely, that he had "made a false oath * * * in, or in relation to, any proceeding in bankruptcy." The objections were heard by the referee, from whose report it appears that the oath in question was taken in 1889 before a common pleas judge of Philadelphia county, in a hearing under the Pennsylvania act of 1842. During this hearing the bankrupt testified concerning the causes of his insolvency, and concerning other matters that need not now be referred to. The stenographer's notes of his testimony were introduced before the referee at the meeting of creditors held in January last, an agreement having been made between counsel for certain creditors and counsel for the bankrupt that these notes "shall be transcribed and made part of this record, and have the same force and effect as if the said testimony was originally taken before the referee in this proceeding."

These notes contain the statements that are declared to be false, and are relied on to prevent the discharge; but I think it is clear that, even if their falsity be assumed, no offense under section 29 has been committed. The bankrupt took no oath before the referee that his former testimony was true, and he did not himself agree (whatever effect the agreement might have had) that such testimony should be treated as if it had been repeated in the bankruptcy proceedings. It was his counsel who made the agreement, and manifestly it exceeds the authority of counsel thus to expose his client to the danger of prosecution for perjury. I do not say that under such an agreement the testimony might not be used for ordinary civil purposes, but to say that a criminal prosecution could be based upon it is a different proposition.

As there was no oath before the referee, there is no foundation of fact for the objection, and the report must be approved.